IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEATHER BURRELL,<br>    Plaintiff,<br><br>v.<br><br>FAMILY TO FAMILY ADOPTION SERVICES, and DEBRA M. SEILER<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 4:22-cv-0583 |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Statement of the Case

Family to Family Adoption Services and Debra M. Seiler, ("Defendants" or "Family to Family" and "Seiler"), have a business plan that includes refusing to pay non-exempt hourly employees for all hours worked. Instead, despite knowing that their employee and other members of staff worked long hours, Defendants only paid round figures totaling 40 hours per week. Any overtime was put into an illegal "flex time" account which carried over month to month. These practices gave Defendants an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Heather Burrell ("Burrell" or "Plaintiff") was an employee of Family to Family, which was run by Seiler as the executive director, who worked more than 40 hours a week, but was not paid overtime. Ms. Burrell brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

1. Family to Family Adoption Services is a Texas domestic non-profit corporation specializing in foster care and adoptions.

2. Ms. Burrell began working with the agency in June of 2016 and was an employee until December 23, 2021, when Defendants terminated her employment.

3. Ms. Burrell worked as the Director of Foster Care Services.

4. Ms. Burrell is a credentialed and properly licensed social worker.  Her credentials were necessary for the agency to operate within the State of Texas.

5. During the time Ms. Burrell worked for Family to Family and Ms. Seiler, she regularly worked in excess of 40 hours per week.

6. Family to Family paid Ms. Burrell on an hourly basis.  Family to Family did not pay Ms. Burrell an overtime premium for hours worked over 40.  Family to Family did not pay Ms. Burrell for all of the hours she worked.

7. Instead, Family to Family and Ms. Seiler instituted a "flex time" policy which allocated all hours over 40 to a "flex time" bank that was carried from month to month.  Family to Family did not pay Ms. Burrell the overtime that she was owed at the time it was owed.

8. Ms. Seiler is the Executive Director of Family to Family.  Ms. Seiler exercised supervisory authority over Ms. Burrell and is the individual that was responsible in whole or in part for the violations and had control over the employer's compliance with the law.

## Allegations Regarding FLSA Coverage

9. Defendant Family to Family is a Texas non-profit corporation that is covered by and subject to the overtime requirements of the FLSA.

10. During each of the three years prior to this complaint being filed, Defendant Family to Family was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of

credit cards, phones and/or cell phones, electronic mail and the Internet.

11. During each of the three years prior to this complaint being filed, Defendant Family to Family regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

12 During each of the three years prior to this complaint being filed, Defendant Family to Family conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

13. During each of the three years prior to this complaint being filed, Defendant Family to Family's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

14 Defendants were legally required to pay Ms. Burrell overtime pay for all hours that she worked for Defendant in excess of 40 in any workweek.

15. Ms. Burrell worked over 40 hours in many workweeks that she worked for Defendants.

16. Defendants did not pay Ms. Burell time-and-a-half for any of the overtime hours that she worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other adoption services businesses that pay their employees all of the money required by law.

17. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff. Such

practice is a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Defendants violated the FLSA by failing to pay Ms. Burell overtime pay for hours worked over 40 per workweek.

19. Ms. Burell has suffered damages as a direct result of Defendants' illegal actions.

20. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Defendant, Jurisdiction, and Venue

21. Defendant Family to Family Adoption Services is a Texas non-profit corporation and an "employer" as defined by the FLSA. Defendant Family to Family may be served through its executive director, Debra Seiler, at 710 S. 8th St., Richmond, Texas 77469, or wherever she may be found.

22. Debra Seiler is a resident of the State of Texas and the Executive Director of Family to Family Adoption Services. Ms. Seiler may be served at 710 S. 8th St., Suite B, Richmond, Texas 77569, or wherever she may be found.

23. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

24. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
7. Leave to amend to add claims under applicable state laws; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
Josef F. Buenker
TBA No. 03316860
tpadgett@buenkerlaw.com
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas s77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF HEATHER BURRELL**